**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ANDRE VANCE POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:05-cv-239-RLY-WGH |
| | ) | |
| AL C. PARKS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

In this civil rights action brought under 42 U.S.C. § 1983, the plaintiff, Mr. Powell, seeks damages and injunctive relief. "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). The complaint in this action is subject to this screening process, and pursuant to that process the following claims must be dismissed as legally insufficient:

- To the extent the plaintiff challenges the procedures or findings of any disciplinary proceedings based on inadequate investigation or erroneous conclusions, claims asserted pursuant to 42 U.S.C. § 1983 are not cognizable. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (§ 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Lusz v. Scott*, 126 F.3d 1018, 1021 (7th Cir. 1997). To the extent that any of the disciplinary proceedings have not been reversed or expunged, any due process claim challenging the outcome or filing of a disciplinary action against the plaintiff is premature and is not viable. Accordingly, due process claims asserted against defendants C.A. Penfold, L. A. Van Natta, and La Donna Mitchell are dismissed.

- The plaintiff's allegations that Larry Atterson, D. Clingerman, Chris Williams, Mark Monett, and Lt. Hinton violated his due process rights by making errors or false statements in incident reports/back-up statements or in response to his grievances fail to state a claim upon which relief can be granted. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996).

- The allegations that on September 21, 2003, D. Clingerman "arbitrarily segregated" the plaintiff and Cook Mark Monnett and Lt. Hinton punished him by depriving him of breakfast, are dismissed for failure to state a claim upon which relief can be granted. *See Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005).

- The claims for the disposal or "slamming" of personal property asserted against Lt. Hinton and Larry Atterson are not cognizable under 42 U.S.C. § 1983, because an intentional and unauthorized deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). That would appear to be the case here, where the plaintiff could pursue at least the remedies of (a) an action for conversion and/or theft under Indiana law, and (b) a claim against the defendants under Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 *et seq.*); *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Thurman v. Rose*, 575 F. Supp. 1488 (N.D. Ind. 1983).

- The claim that Superintendent Al C. Parks failed to prevent the alleged assault by failing to implement a policy to require the recording of prisoners' entrances fails to state a claim upon which relief can be granted. Similarly, the claim that Parks and Investigator D. Wire failed to investigate or report his alleged assault fails to state a claim upon which relief can be granted. In addition, the claims against these defendants are legally insufficient, because the plaintiff's allegations do not support a finding of personal participation in the constitutional deprivation necessary to support a claim under 42 U.S.C. § 1983. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'") (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). To the extent either of these defendants are named because of their supervisory positions, such positions do not make them liable for the assault allegedly committed by other officers. *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing") (internal quotations omitted).

- The claim that Mark Monnett "retaliated" against the plaintiff by confiscating his diet card in September 2003 and by accusing him of eating twice during lunchtime in December 2004, is legally insufficient. The plaintiff's conclusory use of the term "retaliated" does not support a viable claim, because he does not allege that he engaged in any constitutionally protected activity which motivated any retaliatory action. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004).

- The dismissal of the above claims compels the dismissal of any claim for injunctive relief.

The claims described above are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). No partial final judgment shall issue at this time as to the claims which are dismissed in this Entry.

## II.

The claims which remain viable at this point are the claims that Officer Larry Atterson and Officer D. Clingerman applied excessive force against the plaintiff on September 21, 2003. The **clerk** is designated, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue and serve process on these defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process shall consist of the complaint, this Entry, and Forms 1A and 1B.

**IT IS SO ORDERED.**

Date: 12/19/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Andre Vance Powell
DOC #951140
Putnamville Correctional Center
1500 West U.S. 40
Greencastle, IN 46135-9275

Officer Larry Atterson
Putnamville Correctional Center
1500 West U.S. 40
Greencastle, IN 46135-9275

Officer D. Clingerman
Putnamville Correctional Center
1500 West U.S. 40
Greencastle, IN 46135-9275

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.